F I L E D

CLERK OF COURT

2025 OCT 28 AM 11: 26

SUPERIOR COURT
OF GUAM



**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. **CF0690-24** |
| | ) GPD Report Nos. 24-23035/24-17683/24-20828/ |
| | ) 24-23045 |
| vs. | ) |
| | ) |
| | ) |
| **JESSE ANDREW LEON GUERRERO,** | ) **DECISION & ORDER** |
| *aka* **Jesse Aaron Leon Guerrero** | ) **RE. DEFENDANT'S ORAL MOTION** |
| DOB: 01/10/1972 | ) **FOR MISTRIAL** |
| | ) |
| Defendant. | ) |

This matter came before the Honorable Alberto E. Tolentino on August 25, 2025, for Jury Selection and Trial. Defendant Jesse Andrew Leon Guerrero ("Defendant") was present with counsel Attorney Thomas Fisher. Acting Chief Prosecutor Neil Bonavita was present for the People of Guam ("People"). Before selecting a jury, the Defendant made an oral Motion for Mistrial. Having duly considered the parties' arguments and the applicable law, the court denied the Defendant's oral Motion for Mistrial from the bench. The court now issues this Decision and Order memorializing its decision, **DENYING** the Defendant's oral Motion for Mistrial.

## BACKGROUND

### A. Original Indictment

Based on events that occurred between July 31 through October 1, 2024, the Defendant was originally charged with: (1) Three Counts of POSSESSION WITH INTENT TO DELIVER A SCHEDULE II CONTROLLED SUBSTANCE (As a 1st Degree Felony); and (2)

POSSESSION OF A FIREARM WITHOUT A FIREARMS IDENTIFICATION CARD (As a 3rd Degree Felony). *See* Indictment (Oct. 8, 2024). On November 21, 2024, the Defendant asserted his right to speedy trial at arraignment. *See* Arraignment Hr'g Mins. at 2:03:40PM (Nov. 21, 2024). Pursuant to his assertion, the court scheduled the Defendant's jury selection and trial for December 30, 2024.[1] *See* Criminal Trial Scheduling Order (Dec. 3, 2024).

At another continued Pre-Trial Conference on December 27, 2024, the Defendant agreed to waive his right to speedy trial until January 10, 2025. *See* Pre-Trial Conference Mins. at 2:37:44PM (Dec. 27, 2024). Upon the Defendant's temporary waiver, the court vacated jury selection and trial originally scheduled for December 30, 2024, and continued the Pre-Trial Conference to January 10, 2025. *Id.*

**B. Superseding Indictment**

On March 27, 2025, the People filed a Superseding Indictment based on events that occurred on October 1, 2024, charging the Defendant with: (1) POSSESSION WITH INTENT TO DELIVER A SCHEDULE II CONTROLLED SUBSTANCE (As a 1st Degree Felony); and (2) POSSESSION OF A FIREARM WITHOUT A FIREARMS IDENTIFICATION CARD (As a 3rd Degree Felony). *See* Superseding Indictment (Mar. 27, 2025). As a result, the Defendant was arraigned again on April 17, 2025. *See* Arraignment Hr'g Mins. at 9:40:25AM (Apr. 17, 2025).

On May 2, 2025, the Defendant filed a Motion to Suppress as to "[a]ll evidence in this case, as well as statements and observations relating to the charges, [which] arise from information supplied by a confidential informant(s)." Def.'s Mot. Suppress (May 2, 2025). After taking the matter under advisement, the court issued its Decision and Order, denying the

---

[1] In accordance with the forty-five (45) day period under 8 G.C.A. § 80.60(a), the last day to bring the Defendant to trial was January 5, 2025.

Defendant's Motion to Suppress on August 13, 2025. *See* Decision and Order (Aug. 13, 2025). In light of this, the court issued its Second Amended Criminal Trial Scheduling Order; setting Jury Selection and Trial to commence on August 25, 2025. *See* Second Amended Criminal Trial Scheduling Order (Aug. 15, 2025).

## C. Second Superseding Indictment

On the eve of trial, the People filed a Second Superseding Indictment based on events that occurred on or about October 1, 2024, charging the Defendant with: (1) POSSESSION WITH INTENT TO DELIVER A SCHEDULE II CONTROLLED SUBSTANCE (As a 1st Degree Felony); (2) POSSESSION OF A FIREARM WITHOUT A FIREARMS IDENTIFICATION CARD (As a 3rd Degree Felony); (3) POSSESSION OF AN UNREGISTERED FIREARM (As a 3rd Degree Felony). *See* Second Superseding Indictment (Aug. 22, 2025). Pursuant to the People filing a Second Superseding Indictment, the Defendant was arraigned on August 25, 2025. *See* Arraignment Hr'g Mins. at 8:49:09AM (Aug. 25, 2025). Although jury selection and trial was scheduled to begin that same day, the Defendant requested five (5) days to prepare his case regarding the third charge of POSSESSION OF AN UNREGISTERED FIREARM (As a 3rd Degree Felony). *See* Jury Trial Day 1 Mins. at 8:51:02 – 9:15:09AM (Aug. 25, 2025). Ultimately, the court denied the Defendant's request, which led him to make his oral Motion for Mistrial. *Id.*

## DISCUSSION

"Trial courts generally have broad discretion in adjudging the propriety of a mistrial, granting such a motion only where so dictated by 'manifest necessity' or in order to serve the 'ends of public justice.'" *People v. Pugh* 2016 Guam ¶ 22 (*Illinois v. Somerville*, 410 U.S. 458, 461-63 (1973); quoting *United States v. Perez*, 22 U.S. 579, 580 (1824)). "[T]he standard for

granting a mistrial is high and extremely discretionary." *Id.* ¶ 36 (citing *Somerville*, 410 U.S. at 461-63; *see also United States v. Gann*, 732 F.2d 714, 725 (9th Cir. 1984)).

"The defendant is entitled to at least five (5) days after entering his plea to prepare for trial but he may waive any part of such time." 8 GCA § 80.40. The Defendant moved for mistrial in light of the court's denial of a five-day continuance to prepare for trial after he was arraigned on the Second Superseding Indictment. Notably, the Defendant's arraignment over this Indictment occurred on the day of trial. The only difference between the Superseding Indictment and the Second Superseding Indictment was the additional charge of POSSESSION OF AN UNREGISTERED FIREARM (As a 3rd Degree Felony).

Even with this addition, this charge is based on the same events that occurred on or about October 1, 2024; identical to the Superseding Indictment and original Indictment. More importantly, the Defendant continued to assert his right to a speedy trial even after his third arraignment on August 25, 2025. Based on the Defendant's continued assertion of speedy trial, the several rescheduled trial dates in this case, and the additional charge being based on the same events in the two earlier Indictments, the court finds that granting a mistrial does not serve the ends of public justice.

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For reasons set forth above, the court hereby **DENIES** the Defendant's oral Motion for Mistrial.

OCT 2 8 2025

**SO ORDERED** this _____, *nunc pro tunc*, August 25, 2025.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

AG, Fisher

Date: 10/28/25 Time: 11:32am

Antonio R Cruz
Deputy Clerk, Superior Court of Guam